# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-08014 BKT |
| | Chapter 7 |
| EDITORIAL FLASH, INC., | |
| Debtor | |
| NOREEN WOSCOVITCH RENTAS AS TRUSTEE FOR THE ESTATE OF EDITORIAL FLASH, INC. | Adversary No. 14-00224 BKT |
| Plaintiff | |
| vs. | |
| HERIBERTO OLAVARRIA | |
| | FILED & ENTERED ON 06/29/2016 |
| Defendant | |

## OPINION AND ORDER

Before this court is a *Motion to Dismiss* [Dkt. No. 14] filed by Heriberto Olavarria ("Defendant"), Noreen Wiscovitch Rentas, Trustee for the Estate of Editorial Flash, Inc.'s ("Plaintiff"), *Opposition to the Motion to Dismiss* [Dkt. No. 18], and *Amended Opposition to Motion to Dismiss* [Dkt. No. 20]. For the reasons set forth below, Defendant's *Motion to Dismiss* is GRANTED.

1

## I.      Factual background

This adversary proceeding stems from a chapter 7 bankruptcy case voluntarily filed by Editorial Flash, Inc. [hereinafter "Debtor"] on September 28, 2013. Plaintiff filed the instant suit against Defendant alleging fraudulent transfer, pursuant 11 U.S.C. § 548 or, in the alternative, preferential transfer, pursuant 11 U.S.C. § 547. Plaintiff bases her claim on transfers made by Debtor to Defendant, between January 13, 2012 and December 15, 2012, totaling $11,751.60. Plaintiff argues she "has had little information regarding the preferential transfers due to Debtor's failure to provide documentation."[1]  As a result, Plaintiff claims the filing of the instant complaint is done "to preserve the Estate's rights under the listed caus[es] of action and reserves the right to dismiss the claim after further investigation and/or discovery."[2]

On its Complaint, Plaintiff asserts Debtor made a transfer of funds to the Defendant while he was Debtor's accountant. Reproducing §§ 548 and 547 language, and without providing any supporting facts as to each element of the specific claims, Plaintiff contends the aforementioned transfer of funds was either a fraudulent or a preferential transfer.

On its Motion to Dismiss, Defendant moved for the dismissal of the instant claim on grounds of failure to state a claim upon which relief can be granted, pursuant Fed. R. Bank. P. 7012(b), which provides for the applicability of Fed. R. Civ. P. 12(b)(6). Defendant accepts the fact that he received $11,751.60 from Debtor during the aforementioned period of time, but clarifies said amount of money was provided to him as monthly salary payments for graphic design services rendered. Furthermore, Defendant elucidates he was employed by Debtor as a graphic designer and not as an accountant. However, Defendant contends the Complaint lacks

---

[1] *Complaint* [Dkt. 1].
[2] Id.

2

factual allegations. Specifically, regarding the fraudulent transfer cause of action, pursuant to § 548, Defendant asserts that "[n]o allegations are made which support any claim that the [D]efendant received the transfer with actual intent to hinder, delay or defraud any entity, nor any factual allegation made to support [a] claim that the debtor received a less than reasonable equivalent value in exchange for the transfer."[3] Defendant further argues Plaintiff fails to provide factual allegations as to all the elements of a Preference cause of action, pursuant to § 547, specifically, as to "any relationship between the [D]efendant and [D]ebtor that would lead anyone to determine that the Defendant was a creditor of the Debtor or that a Debt had existed between them that was liquidated totally or partially,"[4] or that an antecedent debt was paid. In sum, Defendant contends no facts have been alleged to establish a cause of action, and therefore, Plaintiff fails to state a claim upon which relief can be granted.

In its Opposition to Motion to Dismiss, Plaintiff asserts Defendant admitted the transfers did take place and so far has failed to meet his burden of proof by not providing any evidence showing the transfers in controversy were not fraudulent nor preferential. Plaintiff argues Defendant's claim of being an employee of Debtor generates a factual controversy that should be addressed at trial and not through a dispositive motion. Plaintiff incorporated the plain text of §§ 548 (a)(1) and 547(b) as grounds of her fraudulent transfer and preferences causes of action. In her Amended Opposition to Motion to Dismiss, Plaintiff challenges Defendant's position that the transfer in controversy was made on account of salary payments, and clarifies such payments were listed in the Statement of Financial Affairs as professional services compensation.

---

[3] *Motion to Dismiss* [Dkt. 14].
[4] Id.

3

## II.    Standard of Review

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Bell A. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. at 678. A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to contain detailed factual allegations, but only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell A. Corp., 550 U.S. at 555-556. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true," even when their veracity is doubtful. Id. at 555. In other words, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action" Id.; 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235–236 (3d ed. 2004). "A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell A. Corp., 550 U.S. at 556. On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

4

### III.    Legal Analysis

### A.  Preferences Transfer: § 547(b)

The Bankruptcy Code allows a trustee to avoid certain transfers made under specific circumstances. (E.g., 11 U.S.C. §§ 547, 548). Section 547(b) provides a trustee may avoid a preference transfer if it was made:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
> > (A) on or within 90 days before the date of the filing of the petition; or
> > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if--
> > (A) the case were a case under chapter 7 of this title;
> > (B) the transfer had not been made; and
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547. For a transfer to be avoided pursuant § 547, all of the aforementioned requirements must be satisfied. 5 Collier on Bankruptcy ¶ 547.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). As it can be appreciated, § 547(b)(4)(B) extends for up to one year the 'reach back' period for transfers made to insiders, however, for a transfer to be avoided under such provision, an insider status determination must be made. The Bankruptcy Code provides that, in a case where the debtor is a corporation, an 'insider' includes: (i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor. 11 U.S.C.A. § 101(31). However, the aforesaid list is not exhaustive. Koch v. Rogers, 135 F.3d 769 (4th Cir.1998). "As such, insider

5

status must be determined on a case by case basis through examination of the totality of the circumstances and the creditor's degree of involvement in the debtor's affairs." In re Chas. P. Young Co., 145 B.R. 131, 136 (Bankr. S.D.N.Y. 1992). In order to qualify as an insider, the "person must have considerable control or a high likelihood of control over a debtor." Matson v. Strickland, 230 B.R. 276, 285 (Bankr. E.D. Va. 1999). Courts considering whether the insider status exists generally have jointly evaluated the following factors in making their determination: "(1) the closeness of the relationship between the transferee and the debtor; and (2) whether the transactions between the transferee and the debtor were conducted at arm's length." Matter of Holloway, 955 F.2d 1008, 1011 (5th Cir. 1992); e.g., In re Friedman, 126 B.R. 63, 70 (9th Cir. B.A.P. 1991) ("insider status may be based on a professional or business relationship with the debtor, in addition to the Code's per se classifications, where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain advantage attributable simply to affinity rather than to the course of business dealings between the parties"); In re Schuman, 81 B.R. 583, 586 (9th Cir. B.A.P. 1987) ("The tests developed by the courts in determining who is an insider focus on the closeness of the parties and the degree to which the transferee is able to exert control or influence over the debtor."); In re Benson, 57 B.R. 226, 229 (Bankr. N.D. Ohio 1986) (an insider may be anyone "whose close relationship with the debtor subjects transactions made between the two parties to careful scrutiny"); Matter of Lemanski, 56 B.R. 981, 983 (Bankr. W.D. Wis. 1986) (a transferee "is an insider if, as a matter of fact, he exercises such control or influence over the debtor as to render their transaction not arms-length"); Matter of Montanino, 15 B.R. 307, 310 (Bankr. D.N.J. 1981) (an insider "is one who has such a relationship with the debtor that their dealing with one another cannot be

6

characterized as an arm's-length transaction"). The legislative history of § 101(31) defines an insider as a person or entity with "a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." S.Rep. No. 95-989, 95th Cong. 2d Sess., reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5810.

In the instant case, the transfer at issue occurred outside the ninety (90) day 'reach back' period of § 547(b)(4)(A), but within the 'reach back' period contained in § 547(b)(4)(B). For a transfer to be avoided under the aforementioned section it must have been made to an insider. In an attempt to prove Defendant's insider status, Plaintiff asserts Defendant received the transfer in controversy while being the Debtor's accountant. However, fails to provide any other fact as to "(1) the closeness of the relationship between [Defendant] and [D]ebtor; and (2) whether the [transaction] between [Defendant] and [D]ebtor [was] conducted at arm's length." The alleged fact that Defendant was Debtor's accountant when he received the transfer is not sufficient to determine Defendant's insider status. Accountant is not one of the job positions listed in § 101(31), and Plaintiff has made no allegation whatsoever as to how Defendant's relationship with Debtor allowed him to exert control or influence over the latter. A court's determination of a person's or entity's insider status "may be based on a professional or business relationship with the debtor . . . where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain advantage attributable simply to affinity rather than to the course of business dealings between the parties" In re Friedman, 126 B.R. 63, 70 (9th Cir. B.A.P. 1991). No fact has been provided as to how Defendant could have gained advantage of his relationship with Debtor. Plaintiff has not provided this court with facts sufficient to

7

establish Defendant's insider status. Therefore, Plaintiff has failed to state a claim for relief that is plausible on its face pursuant to § 547(b). Because a transfer may only be avoided under § 547(b) if all the requirements of said section are met, and because Plaintiff has failed to provide sufficient facts as to one of the elements the cause of action, we conclude Plaintiff has not stated a claim to relief that is plausible on its face, and thus, we need not to discuss the remaining requisites.

### B. Fraudulent Transfer: § 548

The fraudulent transfer provisions of the Bankruptcy Code seek "to prevent the debtor from depleting resources available to creditors by the gratuitous transfer of the debtor's property." Walker v. Treadwell, 699 F.2d 1050, 1051 (11th Cir.1983). In re N. Merchandise, Inc., 371 F.3d 1056, 1060 (9th Cir. 2004). "Transfers may be tainted by actual fraud, constructive fraud, or both." 25 Am. Jur. Proof of Facts 3d 591 (Originally published in 1994). "Under [11 U.S.C.] § 548 of the Bankruptcy Code, a conveyance is fraudulent, and therefore avoidable, if it involved either 'actual' or 'constructive' fraud." In re Personal and Bus. Ins. Agency, 334 F.3d 239, 242 (3d Cir. 2003). 'Actual' fraud requires proof that the debtor "made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted." 11 U.S.C. § 548(a)(1)(A). In other words, a transfer is fraudulent if made with "actual intent to hinder, delay, or defraud an existing or future creditor." § 548(a)(1)(A), In re Personal and Bus. Ins. Agency, 334 F.3d 239, 242 (3d Cir. 2003). "The transfer of any interest in the property of a debtor, within [two years] of the filing of a petition in bankruptcy, is voidable by the trustee in bankruptcy if the purpose of the transfer was to prevent creditors from obtaining

8

satisfaction of their claims against the debtor by removing property from their reach." Max Sugarman Funeral Home, Inc. v. A.D.B. Investors, 926 F.2d 1248, 1254 (1st Cir.1991). Since "[i]t is often impracticable, on direct evidence, to demonstrate an actual intent to hinder, delay or defraud creditors . . . courts applying . . . § 548(a)(1) frequently infer fraudulent intent from the circumstances surrounding the transfer, taking particular note of certain recognized indicia or badges of fraud." Id. at 1254–55; In re Acequia, Inc., 34 F.3d 800, 805-06 (9th Cir. 1994). Some examples of circumstantial indicia of fraudulent intent are:

> (1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; and, after the transfer, (5) retention by the debtor of the property involved in the putative transfer.

Max Sugarman, 926 F.2d at 1254–55; Acequia, Inc., 34 F.3d at 806. While proof of "a single badge of fraud may spur mere suspicion; the confluence of several can constitute conclusive evidence of actual intent to defraud." Max Sugarman, 926 F.2d at 1254–55; Acequia, Inc., 34 F.3d at 806. "Where actual fraud is proved, the transfer will be avoided regardless of whether the debtor received reasonably equivalent value for the interest transferred." 25 Am. Jur. Proof of Facts 3d 591 (Originally published in 1994).

Another kind of fraudulent, and thus avoidable conveyance, is the one that involves 'constructive' fraud. 'Constructive' fraud 'occurs when the debtor receives less than a reasonably equivalent value for a transfer and either is insolvent at the time of transfer, or becomes insolvent because of it." In re Personal and Bus. Ins. Agency, 334 F.3d 239, 242 (3d Cir. 2003). 'Constructive' fraud may be avoided under § 548(a)(1)(B), provided the debtor made a transfer

9

and:

> [R]eceived less than a reasonably equivalent value in exchange for such transfer or obligation; and
> **(ii)(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> **(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> **(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> **(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C.A. § 548(a)(1)(B). 'Constructive' fraudulent transfer may only be avoided to the extent it results in the diminution of debtor's prepetition assets. In re Fox Bean Co., Inc., 287 B.R. 270, (Bankr. D.Idaho 2002), aff'd, 144 Fed. Appx. 697 (9th Cir. 2005). When addressing 'constructive' fraudulent claims, courts evaluate: "(1) whether debtor received value, (2) whether the value received was in exchange for the property transferred, and (3) whether the value was reasonably equivalent to the value of the property transferred." In re Knight, 473 B.R. 847 (Bankr. N.D. Ga. 2012). Complaints alleging constructive fraudulent transfers "need only [to] set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him." In re US Digital, Inc., 443 B.R. 22, 38 (Bankr. D. Del. 2011).

For a transfer to be avoided on grounds of either 'actual' or 'constructive' fraud, it must have occurred within two (2) years prior to the filing of the bankruptcy petition. § 548(a)(1). The trustee has the burden of proving each of the elements of each cause of action by a preponderance of the evidence. Tomsic v. Pitocchelli, 260 B.R. 319, 323 (Bankr. D. Mass.

10

2001); <u>Lassman v. Cronin</u>, 518 B.R. 1, 9 (D. Mass. 2014).

In the instant case, Plaintiff has limited her argument to (1) allege Defendant was Debtor's accountant at the moment the transfer took place, (2) the transfer was for the amount of $11,751.60; and (3) the transfer occurred between January 13, 2012 and December 15, 2012. Aside from that, Plaintiff recites § 548 statutory language; and thus, falls short to meet § 548 burden of proof. An 'actual' fraud cause of action requires factual allegations as to how the transfer was made to prevent creditors from obtaining satisfaction of their claims against the debtor by removing property from their reach. In other words, the party alleging 'actual' fraud must show the court, through circumstantial evidence, that the purpose of the transfer was to hinder, delay or defraud creditors. However, conscious of the impracticability of proving actual fraudulent intent, courts have inferred it from the indicia or badges of fraud. In the instant case, Plaintiff has provided this court with no fact whatsoever as to how the transfer was made to prevent creditors from obtaining what was rightfully theirs. No factual allegation is made as to Debtor's intent to hinder, delay or defraud any creditor. Plaintiff has failed to provide this court with the indicia or badges of fraud from where fraudulent intent could be inferred. Therefore, Plaintiff has failed to state a claim upon which relief can be granted under § 548(a)(1)(A).

Regarding § 548(a)(1)(B), Plaintiff made no factual allegation to prove that Debtor received less than a reasonably equivalent value in exchange for the transfer, nor provided any facts to show that Debtor: (I) was insolvent when it made such transfer or became insolvent as a result of it; (II) was engaged in business for which the remaining property after the transfer was unreasonably small capital; (III) intended to incur in debts that would be beyond its ability to pay as such debts matured; (IV) or made such transfer to or for the benefit of an insider, or incurred

such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business. As we earlier noted, Plaintiff has not provided sufficient facts for the court to determine Defendant was an insider of Debtor at the time the transfer was made. Plaintiff has the burden of proof to show the court whether Debtor received any value, and if received, (1) whether that value was in exchange for the property transferred; and (2) how it was not reasonably equivalent to the value of the property transferred. See Knight, 473 B.R. at 850 (Bankr. N.D. Ga. 2012). Plaintiff needed "only [to] set forth the facts with sufficient particularity to apprise [Defendant] fairly of the charges made against him." US Digital, Inc., 443 B.R. at 38. However, Plaintiff did not set forth the facts of her claim. Instead, Plaintiff relied on the plain recitation of § 548(a)(1)(B) language, and provided insufficient, or no facts at all, to appraise Defendant of the claims made against him. In consequence, Plaintiff failed to state a claim upon which relief can be granted under § 548(a)(1)(B).

A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to contain detailed factual allegations, but must provide at a minimum, "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. at 678. In the instant case, Plaintiff limits its argument to "labels and conclusions," and primarily provides the court with "a formulaic recitation" of the elements of the cause of action. Bell A. Corp., 550 U.S. at 555-556. Consequently, Plaintiff fails to raise a right to avoid the transfer at issue in this case above the speculative level, even when all factual allegations in the complaint are assumed to be true. Because this court is "not bound to accept as true a legal conclusion couched as a factual allegation," and absent facts sufficient to show Plaintiff's entitlement to relief, we conclude Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Fed. R. Bank. P. 7012(b)

which provides for the applicability of Fed. R. Civ. P. 12(b)(6). Papasan v. Allain, 478 U.S. at 286.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that Heriberto Olavarria's *Motion to Dismiss* shall be, and it hereby is, GRANTED. The adversary case is DISMISSED. Clerk to enter judgment.

In San Juan, Puerto Rico this 29th day of June, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

13